Argued April 20, affirmed June 15, 1960

# TOWNSEND *v.* TOWNSEND
### 353 P. 2d 224

*George R. Waldum,* Portland, argued the cause for appellant. With him on the brief was A. C. Allen, Portland.

*Ralph N. Duncanson,* Portland, argued the cause and filed a brief for respondent Albert Y. Townsend.

*Robert N. Munly,* Seaside, argued the cause and filed a brief for respondent in intervention Chester Fuston.

Before McAllister, Chief Justice, and Warner, Perry and Goodwin, Justices.

PER CURIAM.

This suit was commenced by the plaintiff against the defendant for the purpose of obtaining a decree of divorce and a determination of the property interests of the parties.

Chester Fuston filed a petition to intervene wherein he alleged he was the owner of an undivided one-half interest in and to certain farm property, the legal title thereto standing in the names of the plaintiff and defendant as tenants by the entirety.

The trial court entered a decree granting plaintiff's prayer for a divorce from the defendant, and, as to the real property, decreed that the intervenor Chester Fuston was the owner of an undivided one-third interest therein, and the plaintiff and defendant were the owners of the balance as tenants in common.

From this decree the defendant has appealed upon a single issue based upon whether the trial court erred in granting plaintiff a decree of divorce.

The record discloses that at the time of the marriage of these parties in 1952 the plaintiff was 77 years of age and the defendant was 59; each was the owner of some real property; the defendant's real property was encumbered with a mortgage which was paid by the plaintiff; the real property of the plaintiff was sold and the money received was equally divided between the parties. Shortly after the marriage the defendant conveyed the property then owned by her to the plaintiff in order to create an estate by the entirety. The ad valorem taxes upon this property became greatly in arrears. The plaintiff refused to pay these taxes and the defendant in attempting to have the taxes paid sought to have the plaintiff committed to the state hospital for the insane and, when

this maneuver failed, sought to have him placed under guardianship.

■ It is not, of course, per se extreme cruelty for one spouse to attempt to have the other adjudicated insane or placed under guardianship. Such action, which must, of course, be quite odious to one not suffering mental disease or deterioration, may be necessary to the preservation of the health and welfare of the one afflicted. Whether or not such action constitutes cruel and inhuman treatment depends upon the motive of the spouse instigating the proceedings.

■ It would add little to judicial enlightenment to detail the evidence from which the trial court quite properly found that the defendant's motive in commencing the insanity and guardianship proceedings was to aggrandize her own situation at the expense of the plaintiff's happiness. While the defendant protests her intentions were all of the highest, there is a clear-cut inference that this marriage was, as far as she was concerned, one of monetary convenience and that she did not propose to let anything stand in the way of her extracting what little money the plaintiff had for her own personal benefit.

The judgment of the trial court is affirmed.